UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CRAIG H. | : |
| | : |
| v. | :    C.A. No. 24-00490-AEM |
| | : |
| FRANK BISIGNANO, | : |
| Commissioner | : |
| Social Security Administration | : |

**MEMORANDUM AND ORDER**

      Plaintiff Craig is a 43-year-old who suffers from severe impairments of obstructive sleep apnea, major depressive disorder, and social anxiety disorder. (Tr. 20, 26.) Craig resides with his girlfriend and indicates that he is unable to drive and leaves their home only to attend medical appointments. (Tr. 23-24, 40.) His prior attempts at work did not rise to the level of substantial gainful activity. (Tr. 19-20.) The Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denied Craig's claim for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). (Tr. 14-28.) On appeal to this Court, Craig claims that the vocational expert's (the "VE") testimony was flawed and the Administrative Law Judge (the "ALJ") erred in relying upon it at Step Five of the evaluation process. The Commissioner moves to affirm the ALJ's decision, asserting that Craig waived his argument as to the VE's testimony and that, in any event, the ALJ's finding at Step Five is supported by substantial evidence.

      With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. Based upon my review of the record, the parties' submissions, and independent

research, I find that there is substantial evidence in the record to support the Commissioner's decision and findings that Craig is not disabled within the meaning of the Act.

## I. PROCEDURAL HISTORY

Craig filed an application for SSI on October 11, 2022 (Tr. 20) due to both mental and physical impairments including anxiety, asthma, high cholesterol, obesity, and depression. *Id.* His application was denied initially on January 18, 2023 (Tr. 68-72) and again on reconsideration on February 22, 2023. (Tr. 78-81.) Craig requested an Administrative Hearing that was held on September 26, 2023 before the ALJ. (Tr. 33-53.) At the hearing, Craig, represented by counsel, testified and a VE testified as well. *Id.* The ALJ issued a decision unfavorable to Craig on October 31, 2023. (Tr. 14-32.) The Appeals Council denied Craig's request for review on September 17, 2024. (Tr. 1-6.)

Craig timely appealed by filing his Complaint on November 21, 2024, seeking to reverse the decision of the Commissioner. (ECF No. 1.) On May 3, 2025, Craig filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 11.) On May 27, 2025, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 13.) Craig did not file a reply.

## II. STANDARD OF REVIEW

The Commissioner's findings as to any fact "shall be" conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The determination of substantiality is based upon an evaluation of the record as a whole. *Frustaglia v. Sec'y Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) (per curiam); *Brown v. Apfel*, 71 F. Supp. 2d 28, 30 (D.R.I. 1999), *aff'd*, 230 F.3d 1347 (1st Cir. 2000) (per curiam); *see Parker v. Bowen*,

793 F.2d 1177, 1180 (11th Cir. 1986) (Court also must consider evidence detracting from evidence on which Commissioner relied).

The Court's role in reviewing the Commissioner's decision is limited. *Brown*, 71 F. Supp. 2d at 30. The Court does not reinterpret or reweigh the evidence or otherwise substitute its own judgment for that of the Commissioner. *Thomas P. v. Kijakazi*, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), *report & recommendation adopted by text order* (D.R.I. Mar. 31, 2022). Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the Court would have reached a contrary result as finder of fact. *Rodriguez Pagan v. Sec'y Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

The ALJ must follow a five-step process in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. Step One: if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Step Two: if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Step Three: if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Step Four: if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). Step Five: if a claimant's impairments (considering his Residual Functional Capacity ("RFC")[1], age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(g). Significantly, the claimant bears

---

[1] RFC is "the most you can still do despite your limitations," taking into account "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

the burden of proof at Steps One through Four, but the Commissioner bears the burden at Step Five. *Wells v. Barnhart*, 267 F. Supp. 2d 138, 144 (D. Mass. 2003).

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. *Seavey v. Barnhart*, 276 F.3d 1, 5 (1st Cir. 2001). In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). The Commissioner's burden can be met through the use of a VE. *Heggarty v. Sullivan*, 947 F.2d 990, 996 (1st Cir. 1991).

### III. ANALYSIS

The ALJ determined at Step One that Craig had not worked at a level that rose to substantial gainful activity since the application date. (Tr. 19-20.) At Step Two, the ALJ found that his obstructive sleep apnea, major depressive disorder, and social anxiety disorder were severe impairments. (Tr. 20.) At Step Three, the ALJ found that Craig did not have an impairment or combination of impairments that met or medically equaled a Listing. (Tr. 21.) The ALJ determined that Craig had the RFC to perform a full range of work at all exertional levels. The RFC contained the following non-exertional limitations: Craig can carry out simple instructions; occasionally interact with coworkers and the public; tolerate occasional changes in a routine work setting; and must avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, and gasses. (Tr. 23.) At Step Four, the ALJ determined that Craig had no past relevant work. (Tr. 26.) Relying on the testimony of VE Kenneth Smith, the ALJ at Step Five found that Craig was not disabled because he could do a significant number of unskilled jobs in the national economy. (Tr. 27-28, 50-53.)

Craig contends that the ALJ's Step Five finding—that there are a substantial number of jobs that exist in the national economy that Craig can perform—was insufficient to support denial of benefits and remand is necessary. (ECF No. 11 at 6.) Craig contends that remand is necessary because the VE's job numbers were "not reliable." *Id.* at 2. The Commissioner counters that Craig waived this argument by not raising it before the ALJ, and, in any event, that it has no merit. (ECF No. 13 at 1.)

At the hearing before the ALJ, the VE identified four different jobs available to an individual with Craig's background and RFC. (Tr. 50-51.) The VE testified that there were more than 200,000 such jobs available in the national economy. (Tr. 51.) Craig's attorney was afforded an opportunity to examine the VE. He asked the VE for the source for the job numbers and the VE responded that it was "Job Browser Pro online." (Tr. 52.) Craig's attorney did not ask any further questions about Job Browser Pro.

Craig now contends that Job Browser Pro should not be relied upon as the exclusive methodology to support the VE's opinion and that the VE erred by not using multiple sources for his job number methodology. But the hearing transcript shows that Craig's counsel did not ask any questions about Job Browser Pro's sufficiency as the sole source for his opinion, nor did his counsel point to other sources that the VE should have included. *Id.* Case law in this District is clear that a plaintiff must first raise such an objection at the administrative level to develop an appropriate record and then they may pursue such a claim before the District Court. *See Redley W. v. Kijakazi*, No. 23-72-WES, 2023 WL 6057447, at *8 (D.R.I. Sept. 18, 2023); *Isaiah M. v. Kijakazi*, No. 23-150-MSM, 2023 WL 6229637, at *8 (D.R.I. Sept. 26, 2023). If a plaintiff fails to raise a challenge before the ALJ, then it is waived. *Scott B. v. Kijakazi*, No. 21-481-MSM, 2022 WL 17335993, at *9 (D.R.I. Nov. 30, 2022), *report & recommendation adopted*, No. 1:21-cv-481-MSM, 2023 WL 1794576

(D.R.I. Feb. 7, 2023). This is true in cases like this where the burden has shifted to the Commissioner at Step Five. *See Jose M. v. O'Malley*, No. CV 23-319MSM, 2024 WL 3886749, at *5 (D.R.I. Aug. 20, 2024), *report & recommendation adopted*, No. 1:23-CV-00319-MSM-PAS, 2024 WL 4063770 (D.R.I. Sept. 5, 2024) ("Plaintiff's argument fails because the ALJ afforded him an opportunity to question the VE, which his attorney waived. Based on settled law in this Court, the Court rejects this argument based on waiver and affirm the ALJ's Step Five conclusion that work that Plaintiff can perform exists in sufficient numbers in the national economy to support the conclusion of no disability."); *Catherine Y. v. Colvin*, No. 16-004S, 2017 WL 979026, at *8 (D.R.I. Jan. 25, 2017) ("Plaintiff passed up not one, but two chances to ask a VE to provide the DOT numbers. The failure to do so at either hearing waives her right to raise the issue now."). Because Craig's counsel opted not to question the VE about the adequacy of Job Browser Pro as the source for his opinion, the argument is waived.

Although Craig's arguments about Job Browser Pro have been waived, I nevertheless address the merits. Craig criticizes Job Browser Pro's reliability based on statements publicly available on the website of SkillTRAN, the publisher of Job Browser Pro, under the heading "Suggestions for Vocational Experts." (ECF No. 11 at 6-7.) Craig notes that SkillTRAN suggests that a VE "[u]se multiple methods to shape your opinion," and this guidance "undermines the VE's testimony" in this case because the VE stated he relied exclusively upon Job Browser Pro. *Id.* at 7. Craig argues the Commissioner does not meet its Step Five burden because of "[t]he ALJ's failure to ensure that SkillTRAN is an appropriate source." *Id.* This argument, fails, however, because there is a "substantial body of case law supporting the use" of SkillTRAN software. *Cardoza v. O'Malley*, No. 23-CV-11266-NMG, 2024 WL 4648254, at *15-16 (D. Mass. Sept. 10, 2024). Like in *Cardoza*, "it

is too late in the day to suggest that an ALJ has a responsibility, *sua sponte*, to pressure-test the SkillTRAN software whenever it is used." *Id.* at *16.

Craig's next contention is that the SkillTRAN website "provides legal advice regarding waiver of issues" and advises VEs on "how to testify at hearing." (ECF No. 11 at 8.) Craig asserts that this "legal advice" demonstrates bias against claimants' representatives and undermines the impartiality of Job Browser Pro. *Id.* The record is more than sufficient to support the ALJ's Step Five finding. The VE unequivocally opined that a person with Craig's RFC could perform four jobs identified by DOT code and SVP level. (Tr. 51.) The VE provided job numbers available for each position and identified the source of those numbers. *Id.* Finally, the VE made clear that the job numbers represented full-time positions. *Id.* Craig's counsel elected not to ask any questions challenging the use of Job Browser Pro and offers nothing beyond speculation at this point in challenging the VE's opinion. Craig's argument was waived and, in any event, the VE's opinion testimony is plainly sufficient to support the ALJ's Step Five finding.

## IV.   CONCLUSION

For the reasons discussed herein, Plaintiff Craig's Motion to Reverse the Decision of the Commissioner (ECF No. 11) is DENIED and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 13) is GRANTED. The Clerk shall enter Final Judgment in favor of Defendant.

  /s/   Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

October 15, 2025